891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Raymond DURHAM, Plaintiff-Appellant,
v.
Ronald THOM, Shirley Ramer, Aaron Ramer, Sharon Bendal,
Virgil Savage, Barbara Savage, Rita Hamilton, Bonnie Empson,
Terry Shaffer, Michael Machado, Paul McAllister, Paul Reed,
Lester Savage, Judy Supan, Jennie O'Neal, and Charles Sames,
Defendants-Appellees.
 No. 87-4308.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 1, 1989.*
Decided Dec. 5, 1989.
 
 Before BROWNING, WALLACE, and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The district court dismissed Durham's claim against defendant Thom for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P. Pursuant to Rule 54(b), Fed.R.Civ.P., judgment was entered for Thom on April 22, 1987. Because Durham did not file a notice of appeal until October 28, 1987, some six months after the district court entered final judgment for Thom, we dismiss Durham's appeal against defendant Thom as untimely. See Fed.R.App.P. 4(a)(1).
 
 
 3
 For the same reason, we dismiss Durham's appeal against defendants Zupan and Sams. Durham's claims against Zupan and Sams were dismissed for failure to state a claim, and judgment entered pursuant to Rule 54(b) on January 30, 1986. Similarly, Durham's claims against defendants Shaffer, Machado, McAllister, Reed, and O'Neal were dismissed and judgment entered pursuant to Rule 54(b) on July 29, 1987. Durham's appeal against each of these defendants is untimely.
 
 
 4
 The district court dismissed Durham's claims against the remaining defendants--the Ramers, Bendal, the Savages, Hamilton, Empson, and Males--because Durham's "complaint under section 1983 is essentially a petition for writ of habeas corpus filed prior to the exhaustion of state remedies." Durham, however, has presented this court with evidence that he subsequently exhausted his state remedies. Thus, it is appropriate to consider the merits of Durham's claims. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir.1984).
 
 
 5
 Durham concedes on appeal he has no cause of action against defendant Empson. Accordingly, the dismissal of Durham's claims against Empson is affirmed.
 
 
 6
 We remand for further proceedings as to the Ramers, Bendel, the Savages, Hamilton, and Males, since the district court did not consider and the parties have not adequately briefed other grounds for dismissal as to them.
 
 
 7
 AFFIRMED in part; REVERSED in part; and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3