976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry D. TAYLOR, Petitioner-Appellant,
v.
Bill J. BUNNELL, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 92-55136.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry D. Taylor, a California state prisoner, appeals pro se the district court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We reverse and remand for the district court to consider Taylor's petition on the merits.
 
 
 3
 Taylor's only contention is that the district court erred in dismissing his habeas petition without prejudice for failing to exhaust state remedies. An application for a writ of habeas corpus by a person in state custody may not be granted unless all available state court remedies have been fully exhausted. 28 U.S.C. § 2254(b). However, a habeas petition becomes exhausted on appeal if state remedies have been exhausted before the appeals court acts upon the case, even if these remedies were not exhausted when the petition was filed. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1344-45 (9th Cir.1984) (reaching merits of habeas petition after district court dismissed it for failure to exhaust where petitioner exhausted state remedies after district court dismissed petition but before circuit court acted upon the case).
 
 
 4
 In this case, it is unclear whether Taylor had exhausted his state remedies when he filed his habeas petition in the district court. Taylor, however, filed a second state habeas petition raising the claims that the district court held were not exhausted. The California Supreme Court denied the petition, holding that it was duplicative of the first petition. Therefore, Taylor has now exhausted his state remedies. See id. Accordingly, we reverse the decision of the district court and remand the petition for a determination on the merits.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3