977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew D. HANRAHAN, Petitioner-Appellant,
v.
Charles E. COLE, Attorney General for the State of Alaska,
Respondent-Appellee.
 No. 92-35115.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 30, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrew D. Hanrahan appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 In his federal habeas petition, Hanrahan challenged his Alaska state convictions on sixteen counts of commercial fishing of salmon without a valid permit in violation of Alaska Stat. § 16.43.140(a).[1] Hanrahan contends on appeal that a regulation regarding fishing permits, Alaska Admin.Code § 05.210, is unconstitutionally vague on the ground that it fails to give adequate notice of the conduct that it prohibits.[2] This contention lacks merit.
 
 
 4
 "A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." United States v. Clark, 912 F.2d 1087, 1090 (9th Cir.1990) (quoting Schwartzmiller v. Gardner, 752 F.2d 1341, 1345 (9th Cir.1984)), cert. denied, 111 S.Ct. 705 (1991). A reviewing court must assess a regulation challenged as unconstitutionally vague in a common sense manner and in the context of the regulation's statutory scheme. See United States v. Wise, 550 F.2d 1180, 1186 & n. 8 (9th Cir.) (citing United States v. Taxe, 540 F.2d 961, 965 (9th Cir.1976) (statutory language was not unconstitutionally vague when read in the context of the entire statute), cert. denied, 429 U.S. 1040 (1977)), cert. denied, 434 U.S. 929 (1977).
 
 
 5
 When viewed in the context of the regulation's statutory scheme, it is evident that Alaska Admin.Code § 05.210 is not unconstitutionally vague because it provides ample notice of what type of permit is required for the commercial taking of salmon. Moreover, section 05.120 of the administrative code specifically prohibits salmon fishing without the proper permit.[3] Accordingly, the district court properly determined that Alaska Admin.Code § 05.210 was not unconstitutionally vague. See Schwartzmiller, 752 F.2d at 1345.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 16.43.140(a) states: "After January 1, 1974, a person may not operate gear in the commercial taking of fishery resources without a valid entry permit or a valid interim-use permit issued by the [Alaska Commercial Fisheries Entry Commission]." Alaska Stat. § 16.43.140(a) (1987)
 
 
 [2]
 Section 05.210 states in part: "The letter or letter and number code from the following schedule will be used to indicate the specific fishery resource for which an interim-use or entry permit is issued: ... M [=] Miscellaneous saltwater fish ... S [=] Salmon...." Alaska Admin.Code tit. 20, § 05.210 (Oct. 1988)
 
 
 [3]
 Section 05.120(b) states: "No person may take salmon without a valid entry permit or interim-use permit authorizing the taking of salmon." Alaska Admin.Code tit. 20, § 05.120(b) (Oct. 1988)