46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip MARTINEZ, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION; W.H. Seifert, Warden,
Metropolitan Detention Center, Respondents-Appellees.
 Nos. 94-55678, 94-55778.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Phillip Martinez, a federal prisoner, appeals pro se from the district court's dismissal of two 28 U.S.C. Sec. 2241 petitions. Martinez contends the district court erred when it dismissed his petitions, without prejudice, for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253. We review de novo. Grady v. Crabtree, 958 F.2d 874, 874 (9th Cir.1992) (per curiam). We affirm in part, vacate in part and remand.
 
 
 3
 Before the merits of a 28 U.S.C. Sec. 2241 petition can be addressed, a federal prisoner must exhaust available administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986). This court, however, may grant relief, if available remedies not exhausted at the time the petition was filed, are exhausted by the time this court considers the appeal. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1344-45 (9th Cir.1984).
 
 
 4
 In 1975, at age eighteen, Martinez was convicted of first degree murder stemming from his involvement in a drug transaction where his cohort shot and killed a man from whom he and Martinez were purchasing narcotics. Although sentenced to life imprisonment, Martinez was paroled in late 1989 or early 1990. On December 21, 1994, Martinez was arrested for violating the terms of his federal parole based upon a state misdemeanor assault charge which reportedly has since been dismissed. Martinez has remained in federal custody since December 21, 1994.
 
 
 5
 On January 28, 1994, Martinez filed his first petition (94-00633) challenging the Parole Commission's denial of bail pending the parole revocation hearing. On March 15, 1994, Martinez filed a motion to file an amended petition and, alternatively, to dismiss his first petition. On April 28, 1994, the district court granted Martinez's motion for voluntary dismissal without prejudice. Martinez filed a timely notice of appeal on May 11, 1994.[1] On appeal, this case was assigned case number 94-55678.
 
 
 6
 On April 29, 1994, the district court treated Martinez's amended petition as a separate application for writ of habeas corpus (94-02809). On May 5, 1994, the district court dismissed this petition without prejudice because the failure to exhaust administrative remedies was apparent on its face. Martinez filed a timely notice of appeal on May 17, 1994. On appeal, this case was assigned case number 94-55778.[2]
 
 
 7
 On August 9, 1994, this court granted Martinez's motion to consolidate the two appeals. In its brief, the government informs the court that during the pendency of this appeal Martinez exhausted his claims before the Parole Commission and he remains in federal custody pursuant to the revocation of his parole.
 
 
 8
 Because the district court granted Martinez's motion for voluntary dismissal of his petition in case number 94-00633, the order granting that motion is affirmed.
 
 
 9
 Because Martinez conceded in case number 94-02809 that administrative remedies had not been exhausted, the district court's order of dismissal was entirely proper at the time it was entered. See Martinez, 804 F.2d at 571. However, it lies within the discretion of this court to give relief if available remedies, not exhausted at the time the petition was filed, are exhausted by the time this court considers the appeal. See Schwartzmiller, 752 F.2d at 1344-45. As it is now apparent that available remedies have been exhausted, we vacate the district court's order of dismissal in case number 94-02809 and remand for consideration of Martinez's claims on their merits. Id.
 
 
 10
 The judgment entered in District Court No. 94-00633 (Court of Appeals No. 94-55678) is AFFIRMED. The judgment entered in District Court No. 94-02809 (Court of Appeals No. 94-55778) is VACATED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On August 16, 1994, pursuant to Fed.R.Civ.P. 11 and 60(b), Martinez moved the district court for sanctions and relief from the order granting Martinez's motion for voluntary dismissal. On August 22, 1994, the magistrate judge deferred consideration of the motion pending the appeal
 
 
 [2]
 On April 2, 1994, the district court lodged Martinez's 42 U.S.C. Sec. 1983 complaint (94-02341). In this complaint, Martinez alleged that a false or illegal arrest by state officials caused the revocation of his federal parole. On May 4, 1994, the district court denied Martinez leave to file his action without prepayment of fees. Martinez appealed (Court of Appeals No. 94-55823). On November 4, 1994, this court reversed the district court's May 4, 1994 order and remanded the case to district court for further proceedings
 On April 22, 1994, Martinez filed another habeas petition (94-02622). This petition, challenging the authority and jurisdiction of the Parole Commission to issue a parole violator warrant, was denied by the district court on May 2, 1994. Martinez appealed (Court of Appeals No. 94-55777). On November 4, 1994, this court ordered Martinez within 21 days to pay filing fees to the clerk of the district court and file proof of payment in this court or face automatic dismissal of his appeal. No proof of payment has been filed.