110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Eric D. MEYER, Plaintiff-Appellant,
v.
CAHOON, Officer, # 33205 Tucson City Police; Sergeant Lane,
# 18795 Tucson City Police; Steve A. Merrick, Sergeant Pima
County Sheriffs Dept.; Maghrabi, Captain, Pima County
Sheriffs Department; Robert Sommerfeld, University of
Arizona Police; Dave M. Heacock, University of Arizona
Police; Alexis Hernandez, Associate Dean of Students;
Julius Parker, Associate Vice President; Richard Vivien,
Associate Director; University of Arizona; City of Tucson,
Defendants-Appellees,
and
Joan Hirt, Acting Associate Dean of Students; County of
Pima, Arizona; University of Arizona Board of
Regents; the Tucson Citizens Police
Advisory Council Committee, Defendants.
 
 1
 No. 95-15965.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted March 13, 1997.*
Decided March 25, 1997.
 
 3
 Appeal from the United States District Court for the District of Arizona, No. CV-94-00586-RMB; Richard M. Bilby, Chief District Judge, Presiding.
 
 
 4
 D.Ariz.
 
 
 5
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 6
 Before: GOODWIN, BRUNETTI, and FERNANDEZ, Circuit Judges
 
 
 7
 MEMORANDUM**
 
 
 8
 Eric D. Meyer appeals the district court's dismissal of his complaint for failure to state a claim against all defendants, other than Cahoon and Lane. He also appeals the grant of summary judgment in favor of Cahoon and Lane. We affirm all of the dismissals and the summary judgment in favor of Lane; we reverse the summary judgment in favor of Cahoon.
 
 
 9
 The district court may dismiss a plaintiff's civil rights complaint if it fails to supply a cognizable legal theory or fails to allege sufficient facts in support of the theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). With respect to each defendant other than Cahoon, Meyer failed to supply a cognizable legal theory or plead sufficient supporting facts. Indeed, both his original complaint and his second amended complaint are largely incomprehensible. The district court therefore properly dismissed the complaint against all of the defendants other than Cahoon and Lane, and it properly granted summary judgment in favor of Lane.
 
 
 10
 However, the district court erred when it granted summary judgment in favor of Cahoon. In sworn statements, Cahoon and Meyer offered conflicting versions of his March 4, 1994, arrest for criminal trespass. If Meyer's version is true, Cahoon did not offer him the opportunity to leave property upon which he was present. If the property appeared to be open to the public, if Meyer did not know that it was closed until Cahoon so informed him, and if she did not offer him the opportunity to leave, his conduct would not constitute criminal trespass under Arizona law. See Ariz.Rev.Stat. § 13-1502A1. Moreover, on the facts as he tells them, Cahoon did not have probable cause to arrest him. See United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989) (probable cause to arrest exists where officer reasonably believes crime has been committed). If Cahoon's version of the event is true, she informed Meyer that he was on private property and requested that he leave, but he refused. If Meyer refused to leave after her request, he committed criminal trespass, and Cahoon had probable cause to arrest him. The conflicting evidence creates a genuine issue of material fact. Therefore, summary judgment was not appropriate. See Fed.R.Civ.P. 56(c). We reverse the district court's judgment in favor of Cahoon.
 
 
 11
 We affirm the district court's denial of Meyer's constitutional challenge to two Arizona Revised Statutes, § 13-1502A1 and § 13-2905A5. We have expressed a strong policy against applying the overbreadth doctrine on facial review outside the First Amendment area. See Stoianoff v. Montana, 695 F.2d 1214, 1218 (9th Cir.1983). Neither statute challenged by Meyer reaches a substantial amount of constitutionally protected conduct. Neither § 13-1502A1 nor § 13-2905A5 is unconstitutionally overbroad. See Schwartzmiller v. Gardner, 752 F.2d 1341, 1346 (9th Cir.1984).
 
 
 12
 A statute is impermissibly and unconstitutionally vague if "it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir.1989). Both statutes challenged by Meyer offer fair notice of the conduct proscribed. In fact, both even require a reasonable notice to the person that he is not to remain on the property in question before any violation can take place. See Stoianoff, 695 F.2d at 1221. Moreover, the mere fact that a statute uses some general legal language, like "reasonably" and "specific legitimate reason" does not make it so vague as to be unconstitutional. See Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486, 1493-94 (9th Cir.1996); Stoianoff, 695 F.2d at 1220-22. We therefore hold that neither § 13-1502A1 nor § 13-2905A5 is unconstitutionally vague.
 
 
 13
 AFFIRMED in part, REVERSED in part, and REMANDED. The parties shall bear their own costs on appeal.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3