
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRENDSETTAH USA, INC. and TREND SETTAH, INC. | Nos. 16-56823; 16-56827 |
| Plaintiffs-Appellants / Cross-Appellees, | D.C. No. 8:14-cv-01664-JVS-DFM |
| v. | MEMORANDUM* |
| SWISHER INTERNATIONAL, INC., | |
| Defendant-Appellee / Cross-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before: FLETCHER and PAEZ, Circuit Judges, and GLEASON,** District Judge.

Following a jury verdict for Trendsettah USA, Inc. and Trend Settah, Inc.

("TSI") in TSI's antitrust and breach of contract case against Swisher International,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Inc. ("Swisher"), the district court granted Swisher's motion for a new trial as to TSI's antitrust claims but not as to TSI's contract claims. The district court granted Swisher judgment as a matter of law ("JMOL") as to TSI's monopolization claim but not as to TSI's attempted monopolization claim. Later, following our decision in *Aerotec International, Inc. v. Honeywell International, Inc.*, 836 F.3d 1171 (9th Cir. 2016), the district court reconsidered its earlier summary judgment order, this time granting Swisher summary judgment as to TSI's antitrust claims.[1]

**1.** We begin our analysis with the district court's reconsideration of summary judgment because, were we to affirm the district court's post-trial grant of summary judgment to Swisher, we would not reach many of the district court's rulings on the other issues.[2] We review the district court's decision to reconsider summary judgment for abuse of discretion, and we review the district court's summary judgment determination de novo. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954–55 (9th Cir. 2013).

---

[1] Swisher properly cross-appealed as to the district court's antitrust rulings. *See* Fed. R. App. P. 28.1(c)(4); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1345 (9th Cir. 1984).

[2] We need not decide whether the district court erred in denying Swisher a new trial as to the breach of contract claims due to our disposition of other issues as set forth in this memorandum.

2

The district court did not abuse its discretion in reconsidering summary judgment in light of *Aerotec*'s holding that *"there is only a duty not to refrain from dealing where the only conceivable rationale or purpose is 'to sacrifice short-term benefits in order to obtain higher profits in the long run from the exclusion of competition.'"* 836 F.3d at 1184 (quoting *MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1132 (9th Cir. 2004)). *Aerotec*'s holding addressed a question of law that Swisher had raised prior to trial regarding what constitutes anticompetitive conduct. *See F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958, 962–63 (9th Cir. 2010) (holding that a court may reconsider a question of law that was raised "at some point before the judge submitted the case to the jury" where argument does not rest on the sufficiency of the evidence); *see also Williams v. Gaye*, 895 F.3d 1106, 1122 (9th Cir. 2018) (discussing *Ortiz v. Jordan*, 562 U.S. 180 (2011)).

However, in reconsidering summary judgment, the district court failed to draw all reasonable inferences in favor of TSI, the nonmoving party. To the contrary, the district court cited evidence that Swisher had introduced at trial to support its assertion that it had legitimate business reasons for its conduct. But in rendering its verdict, the jury clearly had rejected this evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) ("[A]lthough the court should review the record as a whole, it must disregard all evidence favorable to the

3

moving party that the jury is not required to believe."). Therefore, the district court's post-trial grant of summary judgment to Swisher on the antitrust claims must be reversed.

**2.** We turn then to the jury instruction issue, which formed the basis of the trial court's granting of a new trial on the attempted monopolization claim. Swisher adequately preserved its objection to the trial court's failure to give Swisher's proposed Jury Instruction 29. *See Hunter v. Cty. of Sacramento*, 652 F.3d 1225, 1230–31 (9th Cir. 2011). Swisher's "claim of error relating to the jury instructions, preserved by way of objection at trial, is subject to harmless-error analysis." *United States v. DeJarnette*, 741 F.3d 971, 983 (9th Cir. 2013). However, on the merits, we hold that the jury instruction that was given adequately and accurately instructed the jury on the applicable law. Although the precise wording of the proposed instruction was different, the principle in the instruction that was given is the same: in order for Swisher to have violated the antitrust laws, its *only* purpose must have been to harm TSI.[3] Therefore, the district court erred in granting a new trial as to the attempted monopolization claim.

_____

[3]Jury Instruction 29, which was given, states in relevant part: "Thus, if Swisher's conduct harmed TSI's independent interests and made sense only to maintain monopoly power, it was not based on legitimate business purposes." *Cf. Aerotec*, 836 F.3d at 1184.

**3.** We turn next to the district court's JMOL rulings. The district court erred in granting JMOL to Swisher as to TSI's monopolization claim because the jury could agree with Swisher's expert that the relevant market was national, and agree with TSI's expert that Swisher was liable for national damages. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir. 2003) ("We must accept any reasonable interpretation of the jury's actions, reconciling the jury's findings 'by exegesis if necessary[.]'" (quoting *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 119 (1963))).

The district court did not err in denying Swisher's JMOL motion as to attempted monopolization because "a reasonable jury could find that Swisher attempted to monopolize a national market, but was successful in monopolizing only some regional markets." *See Estate of Diaz v. City of Anaheim*, 840 F.3d 592, 604 (9th Cir. 2016) ("The test is whether 'the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury.'" (quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir. 2002), *opinion amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003))), *cert. denied sub nom. City of Anaheim, Cal. v. Estate of Diaz*, 137 S. Ct. 2098 (2017).

The district court also properly rejected Swisher's assertion in its JMOL motion that TSI had failed to show antitrust injury. "Swisher failed to rebut" TSI's evidence that "Swisher failed to timely deliver approximately 200 million cigarillos under the private label agreements." The district court correctly held that "a reasonable jury could find that the restricted market output for cigarillos harmed competition." *See Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2288 (2018) ("'[We] 'will not infer competitive injury from price and output data absent *some evidence* that tends to prove that output was restricted or prices were above a competitive level.'" (emphasis added) (quoting *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 237 (1993))).

We hold as follows: the district court's decision to reconsider its summary judgment ruling is **AFFIRMED**. The district court's grant of summary judgment to Swisher as to its antitrust claims is **REVERSED**. The district court's grant of a new trial to Swisher as to the attempted monopolization claim is **REVERSED**. The district court's grant of JMOL to Swisher as to the monopolization claim is **REVERSED**. The district court's denial of JMOL to Swisher as to the attempted monopolization claim is **AFFIRMED**. On remand, the district court is directed to reinstate the jury's verdict in its entirety. We award costs to TSI. *See* Fed. R. App. P. 39(a)(4).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**.