**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10425 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00069-LJO-SKO-10 |
| v. | |
| WILLIAM LEE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence O'Neill, District Judge, Presiding

Submitted May 13, 2020
San Francisco, California

Before: WALLACE and R. NELSON, Circuit Judges, and GWIN,[**] District
Judge.

Defendant William Lee appeals from his conviction and sentence after Lee

pleaded guilty to conspiring to commit murder in aid of racketeering, in violation

of 18 U.S.C. § 1959(a)(5). We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James S. Gwin, United States District Judge for the
Northern District of Ohio, sitting by designation.

affirm.

Lee first challenges his conviction on the grounds that 18 U.S.C. § 1959 is vague because he did not receive the acceptance-of-responsibility sentencing reduction despite his plea and admission. Assuming that his vagueness challenge is not waived, Lee's argument is incorrect. Whether or not a district court applies the acceptance-of-responsibility reduction following a defendant's guilty plea and factual proffer is not the test for a vagueness challenge. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1345 (9th Cir. 1984) (explaining that a statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement). Accordingly, we reject Lee's vagueness challenge.

Lee also challenges his sentence. Lee argues that the district court plainly erred by using the wrong cross-reference in calculating Lee's base offense level. The district court used U.S.S.G. § 2A1.5—which applies to "Conspiracy or Solicitation to Commit Murder"—and sets the base offense level at 33. Lee argues that the district court should have used U.S.S.G. § 2A2.1—which applies to "Assault with Intent to Commit Murder; Attempted Murder"—and sets the offense level at 27 if the object of the offense would not have constituted first degree murder.

Lee's sentencing challenge fails. The district court correctly used the

conspiracy to commit murder cross-reference listed at U.S.S.G. § 2A1.5(a). The object of Lee and his coconspirators' conspiracy, as stated clearly in the indictment, was first degree murder. Lee admitted to conspiring to commit murder at his plea hearing. Thus, the district court used the correct cross-reference.

**AFFIRMED.**