**UNITED STATES of America**

v.

**Rayful EDMOND, III, et al.**

**Crim. No. 89–0162.**

United States District Court, District of Columbia.

May 31, 1990.

Jay B. Stephens, U.S. Atty., Dist. of Columbia, David Shertler, John Dominguez and Charles Ambrose, Asst. U.S. Attys., for government.

Plato Cacheris and Philip Inglima of Cacheris & Towey, Washington, D.C., for defendant Rayful Edmond, III.

Joseph Conte of Conte & Norman, Washington, D.C., for defendant Jerry Millington.

Elise Haldane, Washington, D.C., for defendant James A. Jones.

Arthur Levin, Washington, D.C., for defendant Columbus Daniels.

## OPINION

CHARLES R. RICHEY, District Judge.

The Superseding Indictment ("Indictment") in this case, which was filed on June 20, 1989, charges twenty-nine defendants with participating in a conspiracy to violate the narcotics laws of the United States. In addition, the Indictment charges certain defendants with other narcotics-related offenses, interstate travel in aid of racketeering, assault with intent to kill, murder, using and carrying a firearm in connection with a drug trafficking offense, and carrying a pistol without a license. On August 4, 1989, the Court issued an Order that severed the defendants and charges into three separate trials; a few modifications were made to that Order on August 9, 1989. Two trials have already taken place

in this case. In those two trials, the defendants were tried on all counts of the Indictment alleging conspiracy and other narcotics-related offenses and interstate travel in aid of racketeering.

The third trial, which is scheduled to commence on June 12, 1990, involves four defendants—Columbus Daniels, Rayful Edmond, III, James Antonio Jones, and Jerry Millington. In the first trial, the defendants Edmond, Jones, and Millington were convicted of conspiracy; the defendants Edmond and Millington were also convicted of other offenses. In the second trial, the defendant Daniels was convicted of conspiracy. The defendants Edmond, Millington, and Jones have already been sentenced on the offenses for which they were convicted in the first trial; the defendant Daniels has not yet been sentenced. On June 12, 1990, these four defendants are scheduled to go to trial on the remaining charges in the Indictment which include assault with intent to kill,[1] carrying a pistol without a license,[2] using and carrying a firearm in connection with a drug trafficking offense ("firearms offense"),[3] and first degree murder while armed.[4] All of the pending charges are District of Columbia Code offenses, with the exception of the firearms offense.

The defendant Edmond has filed a motion requesting the dismissal of the counts of the Indictment charging him with the firearms offense on double jeopardy grounds; Edmond's co-defendants have joined in that motion. Edmond argues that the Fifth Amendment's protection against double jeopardy would be violated if he were required to go to trial on the firearms offenses because conspiracy is a lesser included offense of the firearms offense. As such, if he were required to go to trial on the firearms offense counts of the Indictment, Edmond argues that he would be subjected to successive prosecutions for what is in essence the "same" offense.

In addition to the double jeopardy problem raised by the defendant Edmond, the Court raised with the parties *sua sponte* another double jeopardy problem, which deals with the Fifth Amendment's protection against multiple punishments for the same offense.[5] The sentences that the defendants Edmond, Jones, and Millington received for their conspiracy convictions are the cause of this second double jeopardy problem. In sentencing each of these defendants on conspiracy, the Court, at the government's request, increased the defendants' respective offense levels by two levels on the ground that they each possessed a firearm during their commission of the offense of conspiracy. This two-level increase covers the same conduct for which these defendants would be punished if they were convicted of the firearms offenses charged in the Indictment.

Upon careful consideration of the parties' written submissions, the oral argument by their counsel, and the underlying law, the Court concludes that a trial on the counts of the Indictment alleging the firearms offense would violate the Double Jeopardy Clause's protection against a second prosecution for the same offense after conviction as to the defendants Daniels and Millington. In addition, as to the defendants Edmond, Jones, and Millington, a trial on these counts would be inconsistent

---

1. 22 D.C.Code §§ 501 and 3202.

2. 22 D.C.Code § 3204.

3. 18 U.S.C. § 924(c).

4. 22 D.C.Code §§ 2401, 3202, and 105.

5. The Court first became aware of this double jeopardy problem on May 22, 1990, the day before the motions hearing on the defendants' pretrial motions. Upon becoming aware of this problem, the Court dictated a statement to its law clerks which summarized this second double jeopardy problem and asked its law clerks to read this statement over the telephone to the lawyers representing each of the parties so that the lawyers would be prepared to address this double jeopardy problem at the motions hearing. At the motions hearing on May 23, 1990, the lawyers for all parties asked the Court for additional time to research and brief the double jeopardy problems, if any, that would arise from trying the firearms offenses. Recognizing that the Court's decision with respect to double jeopardy would have serious implications for all parties to this case, the Court granted the parties' request for additional briefing time and set oral argument for May 30, 1990.

with the Double Jeopardy Clause's protection against multiple punishments for the same offense. Accordingly, the Court has no choice but to dismiss the counts of the Indictment alleging the firearms offense, namely Counts 9, 23, and 37.[6]

As a result of the Court's dismissal of Counts 9, 23, and 37 of the Indictment, there are no longer any federal offenses to be tried in this case, and the Court now, in the exercise of its discretion, may dismiss the D.C.Code offenses which remain to be tried. However, in view of the substantial time the Court has devoted to the adjudication of this case over the past thirteen months, the Court, in the exercise of its discretion, will retain jurisdiction over the D.C.Code offenses and will proceed to trial on those offenses on June 12, 1990.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. This clause provides three basic protections: "(1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense." *United States v. Rosenberg,* 888 F.2d 1406, 1409 (D.C.Cir.1989) (citing *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)).

## I. *Multiple Prosecutions*

■ In its most recent double jeopardy ruling, the Supreme Court held:

To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional *Blockburger* test. If that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred.

*Grady v. Corbin,* —— U.S. ——, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). The *Block-*

*burger* test provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ "Often, merely examining the statutes defining the two offenses reveals that the elements of one offense are facially contained within the other." *Rosenberg,* 888 F.2d at 1412. However, in examining the firearms offense statute, 18 U.S.C. § 924(c), and the conspiracy statute, 21 U.S.C. § 846, it is not facially apparent whether each of these two statutes requires proof of a fact, or an element, which the other does not. To answer this question, it is necessary to turn to the Indictment in this case. The firearms offense statute makes it a crime to use or carry a firearm in connection with a drug trafficking offense. The counts in the Indictment charging the firearms offense allege that the defendants used and carried a firearm in connection with the drug trafficking crime of conspiracy. As such, proof of the underlying conspiracy is an element of the firearms offense. In a trial on the firearms offense as charged, the government would again have to prove the elements of conspiracy plus the fact that the defendant used or carried a firearm during and in relation to his commission of the offense of conspiracy. *See, e.g., United States v. Power,* 881 F.2d 733, 735 (9th Cir.1989).[7] In light of the foregoing, conspiracy is a lesser included offense of the firearms offense in this case. Therefore, the *Blockburger* test is not satisfied, and conspiracy and the firearms offense constitute the same offense for double jeopardy purposes.

Even though conspiracy and the firearms offenses constitute the same offense for double jeopardy purposes in this case, the defendants are not now entitled to object to a second prosecution on the firearms of-

---

6. The Court announced this decision from the bench at the motions hearing on May 30, 1990.

7. The government conceded this point at a motions hearing on May 23, 1990.

fenses on double jeopardy grounds if they were the ones who caused the severance of the conspiracy count from the firearms offense counts. This waiver principle has its origins in *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality). In *Jeffers*, the Supreme Court held that a defendant could not object to being tried for leading a continuing criminal enterprise on double jeopardy grounds after a prior prosecution for the lesser included offense of conspiracy because the defendant opposed the government's motion to join these two offenses, which were charged in separate indictments, in one trial. The Court held that "although a defendant is normally entitled to have charges on a greater and a lesser offense resolved in one proceeding, *there is no violation of the Double Jeopardy Clause when he elects to have the two offenses tried separately and persuades the trial court to honor his election.*" *Id.* at 152, 97 S.Ct. at 2217 (emphasis added).

Similarly, in the more recent case of *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), the Supreme Court held that a defendant, facing trial on one indictment charging four offenses, could not plead guilty before trial to the two lesser included offenses and then claim that the Double Jeopardy Clause's prohibition against multiple prosecutions for the "same" offense prevents the government from trying him on the two greater offenses. In language particularly relevant here, the Court stated:

> Respondent was indicted on four related charges.... The grand jury returned a single indictment, and all four charges were embraced within a single prosecution. *Respondent's assumption is apparently based on the assumption that trial proceedings, like amoebae, are capable of being infinitely subdivided, so that a determination of guilt and punishment on one count of a multicount

> indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded. We have never held that, and decline to hold it now.*

*Id.* at 500–01, 104 S.Ct. at 2541–42 (emphasis added). Moreover, the Court emphasized that in *Johnson* "there simply [was] none of the governmental overreaching that double jeopardy is supposed to prevent."

Determining the impact of the Supreme Court's rulings in *Jeffers* and *Johnson* on this case requires a close examination of the severance motions filed almost one year ago. The Court's Order, filed on August 4, 1989, severing the defendants and counts into three separate trials was precipitated, in part, by various motions for severance which the defendants filed. The government steadfastly opposed each of the defendants' motions for severance. Certain severance motions, in particular, triggered the Court's decision to sever the counts in the Indictment alleging murder and related weapons offenses from the other counts. One such motion was filed by the defendant James Antonio Jones who requested that his trial be severed from his co-defendants or, in the alternative, that the counts charging him with assault with intent to kill, carrying a pistol without a license, the firearms offense, and murder be severed from all other counts in the Indictment.[8] Another such motion was filed by the defendant Raynice Thompson who requested to be tried only with her husband or, in the alternative, a "severance of all homicide and weapons counts from other counts contained in the indictment." [9] The defendant Edmond adopted the motions of both the defendants Jones and Thompson,[10] while the defendant Daniels adopted only the motion of the defendant

---

**8.** James Antonio Jones' Motion to Sever (filed July 10, 1989) at 1.

**9.** Raynice Thompson's Motion to Sever Defendants and Counts and Memorandum of Points and Authorities in Support Thereof (filed July 10, 1989) at 1.

**10.** Defendant Rayful Edmond III's Motion to Adopt All Motions Filed by His Codefendants (filed July 11, 1989).

Thompson.[11] Although the defendant Millington filed a motion for severance, he did not request a severance of the conspiracy count from the counts alleging the firearms offense as had the defendants Daniels, Edmond, and Jones.

On August 4, 1989, the Court issued an Order granting the requests of the defendant Edmond and Jones to sever the counts of the Indictment charging them with homicide and related weapons offenses from the other counts in the Indictment. This severance of counts as to the defendants Edmond and Jones was not modified by the Court's subsequent and final severance order, which was filed on August 9, 1989. Since the defendants Edmond and Jones' requests for a severance by defendants and counts triggered the severance of the conspiracy count from the counts charging them with the firearms offense into two separate prosecutions, they have waived the right to argue that the prosecution of the charged firearms offenses in the upcoming trial violates the Double Jeopardy Clause's protection against successive prosecutions.

Although the defendant Daniels also requested a severance of the conspiracy count from the counts charging him with murder and related weapons offenses, the Court did not grant his request in its severance order filed on August 4, 1989. Based on the Indictment, the affidavit in support of the arrest warrant, and all other information which was available to the Court, the Court concluded that all of the acts which the defendant Daniels allegedly committed in furtherance of the conspiracy were acts of violence. Accordingly, the Court initially decided that the defendant Daniels should be tried on conspiracy in the same trial in which the counts of the Indictment alleging murder and related weapons offenses were to be tried.

In response to the Court's severance order of August 4, 1989, the government filed a motion on August 7, 1989 requesting the Court to modify its severance decision. In that motion, the government asked the Court to sever the count in which the defendant Daniels was charged with conspiracy from the counts charging him with murder and related weapons offenses. The government argued that "[t]his would avoid a retrial of the entire conspiracy in the [third] trial just for defendant Daniels. It would significantly shorten the [third] trial and will not prejudice defendant Daniels in any way."[12] In its severance order of August 9, 1989, the Court granted the government's motion to modify its severance order as to the defendant Daniels.

In hindsight, the government made both a legal and a tactical blunder when it requested the Court to modify its severance order with respect to the defendant Daniels. The government's argument that a severance of the count of the Indictment charging the defendant Daniels with conspiracy from the counts charging him with the firearms offense would avoid "a retrial of the entire conspiracy" was legally incorrect because, as discussed above, conspiracy is a lesser included offense of the firearms offense as charged in the Indictment.[13]

More important, the government's request that the defendant Daniels be tried for conspiracy and the firearms offense in two separate trials created a double jeopardy bar to his now being tried on the counts of the Indictment charging him with the firearms offense. Because neither the defendant Daniels nor Millington waived their right to object to multiple prosecutions for the same offense, this Court must dismiss the federal weapons offenses with which they are charged.

---

**11.** Notice of Designation of Motions Which Defendant Daniels Adopts (filed July 26, 1989) (stating that the defendant Daniels is adopting motion #20 of defendant #27, which on the docket sheet is the defendant Raynice Thompson's Motion to Sever Defendants and Counts).

**12.** Government Motion to Modify Severance (filed August 7, 1989) at ¶4.

**13.** When the Court severed the defendants and counts, it was not aware that conspiracy was a lesser included offense of the firearms offense as charged in the Indictment. Had the government brought this issue to the Court's attention, the Court would have obviously taken it into account in deciding how to sever the case.

## II. Multiple Punishments

■ The Double Jeopardy's protection against multiple punishments is " 'limited to ensuring that the total punishment [that a defendant receives does] not exceed that authorized by the legislature.' " *Jones v. Thomas,* — U.S. —, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989) (quoting *United States v. Halper,* 104 U.S. 487, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487 (1989)). In other words, the purpose of this protection is "to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishment." *Jones,* 109 S.Ct. at 2525.

■ The multiple-punishment issue before this Court is one of first impression: whether a defendant may be sentenced for the offense of using and carrying a weapon in connection with a drug trafficking offense in violation of 18 U.S.C. § 924(c) if the defendant was previously convicted and sentenced for the underlying drug trafficking offense and in connection with that sentence received a two-level increase to his offense level pursuant to Sentencing Guideline § 2D1.1(b)(1) for the possession of a firearm in connection with the commission of the drug trafficking offense.

Case law and the application notes construing the Sentencing Guidelines address the interplay between Section 2D1.1(b)(1) and 18 U.S.C. § 924(c) only in those instances where a defendant is sentenced on the firearm offense and the underlying drug trafficking offense in the same sentencing proceeding. In that situation,

> Section 2K2.4 of the Guidelines avoids any potential for double sentencing for the use or possession of a weapon in connection with a drug-trafficking crime to which both Section 2D1.1(b)(1) and Section 924(c) could apply, by providing that when a sentence under Section 924(c) is imposed in conjunction with a sentence for an underlying offense, "any specific offense characteristic for firearm discharge, use, or possession is not applied in respect to such underlying offense." Accordingly, if an additional five year sentence for Section 924(c) possession or use of a weapon were imposed in addition to a sentence for the underlying offense of drug trafficking, Section 2D1.1(b)(1) could not be used to raise the level of the underlying offense two levels.

*United States v. Missick,* 875 F.2d 1294, 1301–1302 n. 7 (7th Cir.1989).

Although the Sentencing Guidelines do not expressly prohibit the Court from imposing a sentence on a defendant convicted of violating § 924(c) subsequent to his having received an enhanced sentence for the underlying drug trafficking offense pursuant to Section 2D1.1(b)(1), the imposition of such a sentence would be inconsistent with the Double Jeopardy Clause and with the Sentencing Commission's intent to avoid double sentencing in punishing a defendant for using and carrying a weapon in connection with a drug trafficking offense and for the commission of the underlying drug trafficking offense.

Although the government stops short of conceding that the imposition of a sentence on the defendants Edmond, Jones, and Millington for a § 924(c) violation is barred by the Double Jeopardy Clause, it does concede that the imposition of such a sentence would give rise to a "legitimate complaint" by the defendants.[14] Instead of addressing how to avoid the imposition of an improper sentence, the government simply states that "we should cross that bridge when, and if, we ever come to it."[15] The Court can only assume that the government is suggesting that the two-level increase the defendants received would have to be vacated if the defendants are convicted and sentenced on the § 924(c) violations alleged

---

**14.** Government's Supplemental Memorandum in *Aid of its Opposition to Defendant's Motion* to Dismiss Counts Nine and Twenty–Three of the Superseding Indictment (filed May 25, 1990) at 5, n. 4.

**15.** *Id.*

in the Indictment.[16] From the government's vantage point, such an argument is lacking in logic because the maximum sentence for a defendant's first § 924(c) conviction is five years, and the defendants Edmond, Jones, and Millington each received more than an additional five years as a result of the two-level increase.[17] In any event, the foregoing discussion demonstrates that the Court must dismiss the counts of the Indictment charging the defendants Edmond, Jones, and Millington with § 924(c) offenses because the imposition of a sentence for a conviction on those counts would constitute a multiple punishment for the same offense in violation of the Double Jeopardy Clause.

III. *Jurisdiction Over D.C. Code Offenses*

This Court's jurisdiction to try D.C.Code offenses is not without limitation. "The United States District Court for this district possesses jurisdiction over charges of local offenses only if the 'offense is joined in the same information or indictment with any Federal offense.'" *United States v. Koritko*, 870 F.2d 738, 739 (D.C. Cir.1989) (quoting 11 D.C.Code Ann. § 502(3) (1981)). When D.C.Code offenses are properly joined with federal offenses, the Court's jurisdiction over the D.C.Code offenses does not evaporate once the federal offenses fade out of the picture. Instead, the Court must determine whether continued jurisdiction over the D.C.Code offenses would promote a federal interest or "judicial economy and litigational convenience." *United States v. Kember*, 685 F.2d 451, 455 (D.C.Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982); *see also United States v. Shepard*, 515 F.2d 1324, 1330–31 (D.C.Cir.1975) (explaining that a district court's continued jurisdiction over local offenses after the dismis-

sal of federal offenses may result in the most efficient expenditure of judicial resources).

By retaining jurisdiction over the D.C.Code offenses which remain pending against the defendants Edmond, Daniels, Jones, and Millington, the Court will enable the parties to bring to a close a case that began more than thirteen months ago far more expeditiously than if the Court were to dismiss these offenses without prejudice to the government refiling them in Superior Court. Over the past thirteen months, the Court has become extremely familiar with the parties and issues involved in this case and has invested substantial time and resources in the adjudication of the case. If the Court were to dismiss the remaining D.C.Code offenses, much of the work the Court and the parties have done would have to be duplicated in Superior Court. Moreover, the dismissal of the local pending charges would cause a substantial delay in their resolution. Instead of going to trial on June 12, 1990 as scheduled, the government would have to start from square one by filing a new indictment in the Superior Court and then, in all probability, would have to wait a substantial period of time before getting a trial date in that forum.

For the foregoing reasons, the Court will issue an Order of even date herewith dismissing Counts 9, 23, and 37 of the Indictment and will proceed to trial on the remaining counts on June 12, 1990.

---

**16.** The only alternative that the Court can imagine, but which makes absolutely no sense, is for the Court to preside over a trial on the § 924(c) offenses knowing full well that the defendants may not be sentenced for any § 924(c) offense for which they are convicted.

**17.** The defendant Edmond received a life sentence for his conspiracy conviction; without the two-level increase, his guideline range would

have been 292 to 365 months. The defendant Millington received 485 months for his conspiracy conviction; without the two-level increase, his guideline range would have been 292 to 365 months. The defendant Jones received a life sentence for his conspiracy conviction; without the two-level increase, his guideline range would have been 324 to 405 months.