995 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Juan Alvarez ACOSTA-CAZARES, Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
 No. 92-5416.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and TAYLOR, District Judge.*
 
 ORDER
 
 2
 Juan Alvarez Acosta-Cazares, a federal prisoner, appeals pro se from the denial of his motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Acosta-Cazares was convicted following a jury trial of conspiracy to distribute and possess with intent to distribute cocaine, possession with intent to distribute cocaine, employing a juvenile in the above endeavors, and using and carrying a firearm during and in relation to drug trafficking crimes. He was sentenced to 121 months imprisonment on each of the first three counts, to run concurrently, plus sixty consecutive months on the firearm charge. The conviction was affirmed on direct appeal to this court. United States v. Acosta-Cazares, 878 F.2d 945 (6th Cir.), cert. denied, 493 U.S. 899 (1989). Acosta-Cazares then filed a motion to vacate sentence, and an amendment to that motion, both of which were denied after referral to a magistrate judge and over the objections filed by Acosta-Cazares. On appeal, Acosta-Cazares raises only one argument: his conviction of conspiracy under 21 U.S.C. § 846 does not meet the definition of a drug trafficking crime under 18 U.S.C. § 924(c) and therefore his consecutive sentence on the firearm count violates double jeopardy.
 
 
 4
 Upon review, it is concluded that this motion to vacate sentence was properly denied, as the argument raised is specious. Convictions under 21 U.S.C. § 846 have been found to meet the definition of crimes involving the distribution, manufacture or importation of a controlled substance under 18 U.S.C. § 924(c). See, e.g., United States v. Chaidez, 916 F.2d 563, 565-66 (9th Cir.1990) (per curiam); United States v. Torres, 901 F.2d 205, 242 (2d Cir.), cert. denied, 111 S.Ct. 273 (1990). Moreover, Acosta-Cazares neglects to mention that his conviction of possession with intent to distribute cocaine also serves as a predicate offense for purposes of the firearm count. See United States v. Contreras, 895 F.2d 1241, 1244 (9th Cir.1990); United States v. Henry, 878 F.2d 937, 943 (6th Cir.1989). The reliance on United States v. Edmond, 738 F.Supp. 572, 577 (D.D.C.1990), is misplaced, as that case is clearly distinguishable. Edmond was first sentenced for the drug trafficking crime, including a two level increase under the sentencing guidelines for carrying a firearm, before being tried on a charge under 18 U.S.C. § 924(c). The court explained that no double jeopardy problem arose when both sentences were imposed simultaneously, as was the case here.
 
 
 5
 Accordingly, both the conspiracy conviction and the possession conviction in this case can serve as predicate offenses under 18 U.S.C. § 924(c), and it is clear that congressional intent renders the double jeopardy claim meritless. See Missouri v. Hunter, 459 U.S. 359, 366-68 (1983); United States v. Johnson, 886 F.2d 1120, 1123-24 (9th Cir.1989), cert. denied, 494 U.S. 1089 (1990). The district court's denial of this motion to vacate sentence is therefore affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation