UNITED STATES of America,
Plaintiff–Appellee,

v.

Bradley Owen AUSTIN,
Defendant–Appellant.

No. 88–3300.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 31, 1989.

Decided May 2, 1990.

Andrew Bates, Federal Public Defender,
Eugene, Or., for defendant-appellant.

Jeffrey Kent, Asst. U.S. Atty., Eugene,
Or., for plaintiff-appellee.

Before WRIGHT, TANG and
FERNANDEZ, Circuit Judges.

TANG, Circuit Judge:

After lengthy investigation in 1986 and
1987, and subsequent searches of appellant
Bradley Owen Austin's abandoned car and
his house trailer, government agents seized
some 2,800 Native American artifacts, ex-
cavation implements, photographs, and doc-
uments, which implicated Austin in exca-
vating a Native American archaeological
site. In February 1988, the government
indicted Austin on fourteen counts. The
indictment included eight counts under two
subsections of the Archaeological Re-
sources Protection Act [ARPA], 16 U.S.C.
§ 470ee(a) and (d):

> No person may excavate, remove, dam-
> age, or otherwise alter or deface, or at-
> tempt to excavate, remove, damage, or
> otherwise alter or deface any archaeolog-
> ical resource located on public lands or
> Indian lands unless such activity is pur-
> suant to a permit ... [or] exemption....

16 U.S.C. § 470ee(a). The statute defines
an archaeological resource as

> any material remains of past human life
> or activities which are of archeological
> interest, as determined under uniform
> regulations promulgated pursuant to this
> chapter. Such regulations containing
> such determination shall include, but not
> be limited to: pottery, basketry, bottles,
> weapons, weapon projectiles, tools, struc-
> tures or portions of structures, pit hous-
> es, rock paintings, rock carvings, intagl-
> ios, graves, human skeletal materials, or

any portion or piece of any of the foregoing items.

16 U.S.C. § 470bb(1).

Any person who knowingly violates, or counsels, procures, solicits, or employs any other person to violate, any prohibition contained in subsection (a), (b), or (c) of this section shall, upon conviction, be fined not more than $10,000 or imprisoned not more than one year, or both: *Provided, however,* That if the commercial or archaeological value of the archaeological resources involved and the cost of restoration and repair of such resources exceeds the sum of $500, such person shall be fined not more than $20,-000 or imprisoned not more than two years, or both.

16 U.S.C. § 470ee(d) (emphasis in original). The indictment also included five counts under 18 U.S.C. § 641 (government property theft)[1] and one count under 21 U.S.C. § 844 (simple possession of a controlled substance).

Austin pleaded not guilty and moved for dismissal of the ARPA counts on the ground that ARPA is unconstitutionally vague. The government then filed a twenty-five count superseding indictment, which added three counts of government property theft under 18 U.S.C. § 641 and eight counts of government property depredation in violation of 18 U.S.C. § 1361.[2] Austin again pleaded not guilty and moved to dismiss on the ground of prosecutorial vindictiveness. The government subsequently filed a second superseding indictment adding six more counts under the same statutes.

Austin and the government agreed to a stipulated-facts bench trial on count 13 of the second superseding indictment, which charged Austin under ARPA with excavating "archaeological resources in an ar-chaeological site, including obsidian weapon projectile points and tools such as scrapers." By agreement, the government dismissed the other counts. Austin was convicted. He appeals on the grounds that ARPA is unconstitutionally overbroad and vague and that he was vindictively prosecuted.

## I. Is ARPA unconstitutionally overbroad?

■ "'In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail.'" *Schwartzmiller v. Gardner,* 752 F.2d 1341, 1346 (9th Cir.1984) (quoting *Hoffman Estates v. Flipside, Hoffman Estates,* 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982)).

Austin's argument is creative. He argues that because curiosity motivated him, his activity was academic, and that academic freedom therefore protects him. Because academic freedom "long has been viewed as a special concern of the First Amendment," *Regents of the Univ. of Cal. v. Bakke,* 438 U.S. 265, 312, 98 S.Ct. 2733, 2759, 57 L.Ed.2d 750 (1978) (opinion of Powell, J.), Austin concludes that he may challenge ARPA as overbroad.

Academic freedom's aegis, however, does not protect Austin's excavating. Austin has not demonstrated that he is affiliated with any academic institution, nor has he posited how his own curiosity is otherwise academic.

To succeed on a claim of overbreadth where conduct and not merely speech is involved, Austin must argue that ARPA at least ambiguously reaches protected activi-

---

**1.** Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof....

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both....

18 U.S.C. § 641.

**2.** Whoever willfully injures or commits any depredation against any property of the United States, or of any department or agency thereof ... shall be punished as follows:

If the damage to such property exceeds the sum of $100, by a fine of not more than $10,000 or imprisonment for not more than ten years, or both.

18 U.S.C. § 1361.

ties and that the overbreadth is substantial. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 2917, 37 L.Ed.2d 830 (1973). Not only does Austin not claim that the First Amendment actually protects any activity that ARPA reaches, he does not even suggest its relevance to any activity except his own excavating. Therefore, he has not shown that ARPA is unconstitutionally overbroad.

## II. Is ARPA unconstitutionally vague?

After overbreadth analysis, the court should

> "examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."

*Schwartzmiller*, 752 F.2d at 1346 (quoting *Flipside*, 455 U.S. at 494–95, 102 S.Ct. at 1191).

Whether Austin can successfully challenge ARPA as vague depends on whether defendants would have "had fair notice that the conduct that [he] allegedly engaged in was prohibited." *United States v. Mussry*, 726 F.2d 1448, 1454 (9th Cir.), *cert. denied*, 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984). Austin was charged with and convicted of excavating scrapers and arrow points. Although he contends that "weapons" and "tools" are ambiguous terms, we are not here concerned with the vagueness of the law as applied to the conduct of others. *See Schwartzmiller*, 752 F.2d at 1346. As to Austin, there can be no doubt nor lack of fair notice that the scrapers and arrow points for which he was convicted are indeed weapons and tools. The statute provided fair notice that it prohibited the activities for which Austin was convicted. His vagueness challenge therefore fails.

## III. Vindictive Prosecution

Austin argues that because the government twice added charges to his indictment after he challenged his initial indictment, he established a presumption of vindictive prosecution that the government had the burden of rebutting. We disagree. That the prosecution adds charges pretrial after a defendant asserts some right does not establish a presumption of vindictiveness. *See United States v. Goodwin*, 457 U.S. 368, 381, 102 S.Ct. 2485, 2492, 73 L.Ed.2d 74 (1982).

Our inquiry, however, does not end there. As we understand it, Austin and the government do not disagree over the prosecutor's motives but rather dispute whether those motives are properly characterized as vindictive. Both agree that the prosecutor's discovery of new law occasioned the charge increase.[3] Austin contends that this implies vindictiveness. We disagree.

There may be a suggestion that the prosecution evinced an extralegal animus against Austin by continuing to prosecute him, and indeed adding charges, even when it came to doubt the validity of the charges on which it based its original decision to prosecute. But the record indicates that the government did not doubt that its charges were valid. It did not try to convict Austin regardless of the merits of his challenges. Quite to the contrary, it agreed to a stipulated-facts trial on the ARPA count alone. If Austin's constitutional challenge had been valid, he would have been acquitted. The prosecution was not vindictive.

AFFIRMED.

---

**3.** Austin does not argue that the government added the charges partly to induce Austin to plead guilty. *Cf. Bordenkircher v. Hayes*, 434 U.S. 357, 363–65, 98 S.Ct. 663, 667–69, 54 L.Ed.2d 604 (1978).