**UNITED STATES of America,
Plaintiff–Appellee,**

*v.*

**Jose CHAIDEZ, Defendant–Appellant.**

No. 89–50226.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1990.

Decided Oct. 12, 1990.

Richard E. Nahigian, William J. Cleary, Jr., Los Angeles, Cal., for defendant-appellant.

Karin J. Immergut, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before FLETCHER, BOOCHEVER and WIGGINS, Circuit Judges.

PER CURIAM:

Jose Chaidez appeals his sentence following conviction for conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846 and for using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Chaidez's challenge to his sentence stems from the district court's application of 18 U.S.C. § 924(c)(1), which provides in pertinent part:

> Whoever, during and in relation to any ... drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years.... Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the ... drug trafficking crime in which the firearm was used or carried ...

Chaidez committed his offenses prior to November of 1988, when "drug trafficking crime" was defined as "any felony violation of Federal law involving the distribution, manufacture, or importation of any controlled substance...." 18 U.S.C. § 924(c)(2). "Distribute" was further defined as "to deliver (other than by administering or dispensing) a controlled substance," 21 U.S.C. § 802(11) and "deliver" was defined as "the actual, constructive, or attempted transfer of a controlled substance," 21 U.S.C. § 802(8).

Chaidez claims that (1) the definition of "drug trafficking crime" as used in section 924(c)(2) was unconstitutionally vague and overbroad; (2) section 924(c)(1) violates the separation of powers doctrine because it provides for a mandatory minimum sentence of five years; and (3) section 924(c)(2) does not include conspiracy offenses such as his own. Chaidez's constitutional and statutory challenges raise questions of law which we review de novo. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

1. *Vagueness and Overbreadth*

As Chaidez's conduct is not even arguably constitutionally protected and he points to no constitutionally protected conduct to which section 924(c)(2) might reach, his overbreadth challenge fails. *See United States v. Austin,* 902 F.2d 743, 744 (9th Cir.1990).

Turning to Chaidez's vagueness claim, as Chaidez's conduct is not even arguably constitutionally protected, we ask only whether the statute is vague as applied to his conduct. *See id.* at 745. The question is: Did Chaidez " 'ha[ve] fair notice that the conduct that [he] allegedly engaged in was prohibited.' " *Id.* (quoting *United States v. Mussry,* 726 F.2d 1448, 1454 (9th Cir.)), *cert. denied,* 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984). We believe he did. We see no way to interpret section 924(c)(2)'s coverage of felonies involving distribution of controlled substances while carrying a firearm not to have included Chaidez's attempted sale of a pound of heroin while carrying a loaded, cocked firearm. Contrary to Chaidez's argument, that Congress has since the time

of his crime amended the definition of "drug trafficking crime" does not show that it was vague as applied to his conduct.

### 2. *Separation of Powers*

■ In a case involving the mandatory minimum sentence provision of 21 U.S.C. § 841(b)(1)(A), for possessing controlled substances with the intent to distribute them after one or more prior narcotics related felonies, we explicitly held that Congress' establishment of mandatory minimum penalties for drug trafficking offenses does not violate the doctrine of separation of powers. *United States v. Kinsey,* 843 F.2d 383, 393 (9th Cir.), *cert. denied,* 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 916 (1988). We stated:

> Control and enforcement of drug abuse and drug trafficking fall within the scope of Congress' delegated powers and such mandatory penalty provisions do not threaten the independence of the judiciary as set forth in Article III of the United States Constitution.

*Id.* Chaidez gives no reason, and we see none, to distinguish between sentences under 21 U.S.C. § 841(b)(1)(A) for possessing controlled substances with the intent to distribute them, following one or more prior narcotics-related felonies, and sentences under 18 U.S.C. § 924(c)(1) for using or carrying a firearm during and in relation to committing drug trafficking offenses. We therefore hold that the mandatory minimum penalty provision of 18 U.S.C. § 924(c)(1) does not violate the doctrine of separation of powers.

### 3. *Application of 18 U.S.C. § 924(c)(2) to Conspiracy Offenses*

■ Other circuits have explicitly rejected Chaidez's argument that conspiracy to possess a controlled substance with intent to distribute is or was not drug trafficking

pursuant to 18 U.S.C. § 924(c)(2). *See, e.g., United States v. Torres,* 862 F.2d 1025, 1030–32 (3d Cir.1988); *United States v. Meggett,* 875 F.2d 24, 27 (2d Cir.) (version of statute at issue here), *cert. denied,* — U.S. —, 110 S.Ct. 166, 107 L.Ed.2d 123 (1988).[1]

Chaidez argues that we should part company with our sister circuits. He contends that because one can conspire to possess a drug with intent to distribute without actually distributing or even possessing the drug, conspiracy to possess with intent to distribute does not "involv[e] ... distribution," as required by section 924(c)(2). However, we have rejected this very rationale in the context of a defendant's attempt to distinguish between possession with intent to distribute and distribution. *See United States v. Contreras,* 895 F.2d 1241, 1244 (9th Cir.1990). We stated:

> [J]ust because possession with intent to distribute is a separate crime from distribution does not mean that it is not a crime "involving" distribution.... [T]hat the defendant possesses the drug with the intent to distribute but has not been charged with completing the distribution does not mean the crime does not "involve" distribution. By its terms, the crime concerns distribution. Furthermore, under [the defendant's] view, whether section 924(c) could apply would depend on when the police intervened in a drug arrest—before or after the drugs changed hands. We should not pressure law enforcement officials to permit illegal activity, and the accompanying danger to all involved, to continue any longer than absolutely necessary.

*Id.* (footnote omitted). Similarly, we find section 924(c)(2)'s coverage of crimes involving the distribution of controlled substances to include narcotics distribution

---

**1.** Although we have not explicitly ruled on this point, we have recently affirmed a sentence imposed under Section 924(c)(1) when the defendant's underlying offense was conspiracy to manufacture and distribute a controlled substance without commenting on this issue. *See United States v. Robertson,* 901 F.2d 733, 734 (9th Cir.1990). We have also held that a defendant who is convicted of a substantive drug

trafficking crime involving a firearm may be punished under this section even if the only evidence connecting the defendant to that crime stemmed from the defendant's liability for the crime as a coconspirator. *See United States v. Johnson,* 886 F.2d 1120, 1123 (9th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 1830, 108 L.Ed.2d 959 (1990).

**566**

conspiracies. Not only would a contrary interpretation be contrary to a common sense reading of "involving" distribution, but it would also "arrive at an anomalous result Congress could not have intended." *Torres*, 862 F.2d at 1032. Conspiracies are crimes "of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime." *Id.* (quoting *United States v. Rabinowich*, 238 U.S. 78, 88, 35 S.Ct. 682, 684, 59 L.Ed. 1211 (1915)).

The judgment of the district court is AFFIRMED.