990 F.2d 1264
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael H. MIROYAN, Defendant-Appellant.
Michael MIROYAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 Nos. 91-50475, 91-55486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
Decided March 30, 1993.
 
 Before GOODWIN, BEEZER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Miroyan ("Miroyan") appeals his conviction and sentence for conspiracy to possess cocaine with intent to distribute and related offenses, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 843(b), and 846. Miroyan contends that numerous evidentiary, procedural, and sentencing errors warrant reversal of his conviction and sentence. We affirm the convictions on counts 1, 2, 4, 5, and 7-9, but reverse the conviction on count 3 because it is inconsistent with the conviction on count 1. We affirm the sentence.
 
 
 3
 Miroyan also appeals the district court's dismissal of his challenge to the constitutionality of 21 U.S.C. §§ 841 and 846. We affirm the dismissal.
 
 DISCUSSION
 
 4
 1. Search warrant affidavit and wiretap authorization
 
 
 5
 (a) Search warrant affidavit
 
 
 6
 Miroyan claims that the affidavit underlying the search warrant for his residence falsely states that he had been charged with continuing criminal enterprise in violation of 21 U.S.C. § 848. Although this point is technically accurate, the misstatement was not material, as the indictment stated that "five other persons" were involved in the enterprise, and charged Miroyan specifically with conspiracy to possess cocaine with intent to distribute and related charges in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 846. Furthermore, nothing in the handwritten statement attached to the affidavit was false or misleading. Therefore, Miroyan has not made the "substantial preliminary showing" of falsity and materiality required by United States v. Motz, 936 F.2d 1021, 1023 (9th Cir.1991), and the district court did not err in denying Miroyan's motions to suppress.
 
 
 7
 (b) Wiretap authorization
 
 
 8
 The affidavit submitted by FBI Special Agent Iverson satisfied the "full and complete statement" of facts requirement of 18 U.S.C. § 2518(1)(c) and United States v. Carneiro, 861 F.2d 1171, 1176 (9th Cir.1988). The affidavit described in detail the investigative techniques used (including a confidential informant, pen registers, and physical surveillance) and explained that wiretapping was necessary because these techniques had not produced the evidence necessary to prosecute the suspects and had not identified the other members of the conspiracy. The omitted information noted by Miroyan was simply not material. Furthermore, based on the information contained in the affidavit, the issuing judge did not abuse his discretion in authorizing the wiretap. Carneiro, 861 F.2d at 1176. Therefore, the district court did not err in denying Miroyan's motion contesting the legality of the wiretaps.
 
 
 9
 2. Immunity and alleged improper uses of interview statements
 
 
 10
 Miroyan claims that FBI Special Agent Brett's statement at the post-plea interview granted him use and derivative use immunity, and that the government violated his immunity by using his interview statements to file a third superseding indictment and to persuade potential witnesses to testify. Because the immunity granted, if any, was informal, we reject Miroyan's request for a Kastigar hearing. See United States v. Plummer, 941 F.2d 799, 802 (9th Cir.1991).
 
 
 11
 We also find that the government and Miroyan never concluded any informal immunity agreement. Immunity agreements are contractual in nature and subject to contract law standards. United States v. Irvine, 756 F.2d 708, 710 (9th Cir.1985). Determining the existence and meaning of such contracts is governed by ordinary contract principles of offer and acceptance. United States v. Sophie, 900 F.2d 1064, 1071 (7th Cir.), cert. denied, 498 U.S. 843 (1990). Agent Brett's statement was too indefinite as to its material terms to be a formal offer; he never defined "hurt" and never indicated what the government expected in return for such a promise. Because there was no offer, there was no contract and no immunity agreement.
 
 
 12
 The district court viewed Miroyan's statements as made during the course of plea negotiations. It ruled that the government could not use the fact of the plea at all, and could not use the statements during its case in chief, but could use them for impeachment. The government did not violate these restrictions. It made no evidentiary use of the statements, either during its case in chief or on cross-examination. It never showed the proffer report or rough notes to any cooperating witness, and never disclosed or discussed the contents of this report.[1]
 
 3. Third Superseding Indictment issues
 
 13
 (a) Vindictive prosecution
 
 
 14
 Miroyan has failed to show either "direct evidence of actual vindictiveness or facts that warrant an appearance of such." United States v. Sinigaglio, 942 F.2d 581, 584 (9th Cir.1991). The mere fact that the prosecution added charges pretrial does not by itself establish a presumption of vindictiveness. United States v. Austin, 902 F.2d 743, 745 (9th Cir.), cert. denied, 498 U.S. 874 (1990). Furthermore, Miroyan's claim that the prosecution sought a far more serious penalty under the Third Superseding Indictment than under the previous ones is simply not true; the penalties sought under both indictments were the same (a mandatory minimum 20-year sentence for violating 21 U.S.C. 841(a)(1)). Finally, the government's filing two notices of intent to seek an enhanced penalty of life without parole based on Miroyan's two prior drug felony convictions was permissible under Bordenkircher v. Hayes, 434 U.S. 357 (1978). We hold that the district court did not err in denying Miroyan's motion to dismiss on the ground of vindictive prosecution.
 
 
 15
 (b) Denial of motion for a bill of particulars
 
 
 16
 We find no abuse of discretion because the indictment gave Miroyan enough information about the charges against him, potential witnesses and the nature of their testimony, and other incriminating evidence for him to prepare for trial and avoid surprise at trial. See United States v. Giese, 597 F.2d 1170, 1180-81 (9th Cir.), cert. denied, 444 U.S. 979 (1979).
 
 
 17
 (c) Denial of second motion to continue
 
 
 18
 Miroyan has not shown that the district court's denial of his second motion to continue resulted in actual prejudice to his defense. United States v. Tham, 960 F.2d 1391, 1396 (9th Cir.1992). Dan Healy, the defense witness whose absence provoked the motion, did testify at the trial, and Miroyan has not shown how he was prejudiced by his new investigators' need to get up to speed. Miroyan also argues for the first time in his appeal brief that the continuance could have allowed him to tap nine other sources of information, but fails to show that the evidence that could potentially have been obtained from these sources was so valuable that a "miscarriage of justice" occurred and denial of the second motion was therefore plain error.
 
 4. Evidentiary issues
 
 19
 (a) O'Brien/Hurst testimony
 
 
 20
 Miroyan claims that the admission of Thomas O'Brien's and Michele Hurst's statements was an abuse of the district court's discretion. However, Miroyan never objected at trial to the admission of the specific statements he challenges on appeal. Therefore, we review the admission of the testimony for plain error, not abuse of discretion. United States v. Hutson, 843 F.2d 1232, 1238 (9th Cir.1988). We apply the plain-error exception to the contemporaneous-objection rule " 'sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.' " United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Frady, 456 U.S. 152, 163 n. 14 (1982)).
 
 
 21
 The record contains evidence indicating that Miroyan attempted to influence the testimony of several other key witnesses, including Thomas Hurley and Michael Hurst. Because the jury heard this evidence, not to mention the substantial evidence implicating him in the underlying offenses, the admission of O'Brien's and Michele Hurst's testimony did not cause a miscarriage of justice and was therefore not plain error.
 
 
 22
 (b) Cross-examination of government witnesses
 
 
 23
 The district court never formally prevented Miroyan's attorney, Ronis, from questioning Patrick Martin about the Ekisian incident, nor did it ever formally rule on whether Miroyan's 1988 statement could be used to rehabilitate Martin. The district court "was not under any obligation to make a preemptive ruling excluding evidence that the government might or might not offer in rebuttal." United States v. Bland, 961 F.2d 123, 126 (9th Cir.), cert. denied, 113 S.Ct. 170 (1992). There was no abuse of discretion. The undercover recorded tape was properly excludable as extrinsic impeachment evidence on a collateral matter under Fed.R.Evid. 608(b).
 
 
 24
 As for Michael Hurst, defense counsel had already elicited on cross-examination that Hurst had repeatedly acknowledged in phone calls with Miroyan that Hurst had never had any narcotics transactions with Miroyan. The district court did not abuse its discretion in excluding evidence regarding additional similar statements by Hurst to attorney Boroff.
 
 
 25
 Finally, as for Thomas Hurley, defense counsel had cross-examined him repeatedly about his alcohol and drug use. Therefore, the district court did not abuse its discretion by refusing to allow defense counsel to further cross-examine Hurley about this issue. The district court's refusal to let defense counsel create a chart of the multiple conspiracies was also not an abuse of discretion, as Hurley had already testified as to these separate transactions. Finally, Miroyan's claim that the district court erroneously prohibited Miroyan from calling an Assistant U.S. Attorney to demonstrate that a civil forfeiture action against Hurley's property was being continued to give Hurley an incentive "to curry favor to avoid that forfeiture" is simply incorrect.
 
 5. Prosecutor's closing argument
 
 26
 Because Miroyan's defense counsel attacked the government witnesses' credibility by strongly implying that the plea agreements gave them an incentive to lie, the prosecutor's references to the truthfulness requirements of the plea agreements was not improper. United States v. Wallace, 848 F.2d 1464, 1474 (9th Cir.1988). There is also no merit to Miroyan's contention that the prosecutor's statement implied that the government had special information upon which it could assess the truthfulness of the witnesses' testimony; the prosecutor did not give any personal assurances of the witnesses' veracity, nor did he refer to any evidence outside the record to vouch for it. Thus, his statement did not constitute improper vouching. United States v. Rohrer, 708 F.2d 429, 433 (9th Cir.1983). Miroyan's challenges to the impropriety of the prosecutor's other closing remarks are similarly meritless.
 
 6. Jury instructions
 
 27
 Miroyan's challenges to the validity of the jury instructions must also fail. Because Miroyan did not object to the district court's "reasonable doubt" instruction at trial, we review only for plain error. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991). The district court's "reasonable doubt" instruction did include the "hesitate to act" language announced in Holland v. United States, 348 U.S. 121, 140 (1954). The instruction also included "willing to act" language; however, this Court has held that the giving of the "willing to act" instruction is not reversible error, let alone plain error. United States v. Jaramillo-Suarez, 950 F.2d 1378, 1386 (9th Cir.1991). Thus, the district court's instruction, which was actually superior to the Jaramillo-Suarez instruction because it included the favored "hesitate to act" language, was not plain error.
 
 
 28
 The district court's failure to give the single buyer/seller instruction requested by Miroyan was also not error. A defendant is not entitled to the particular language requested in a proposed jury instruction. United States v. Powell, 955 F.2d 1206, 1210 (9th Cir.1992). The district court's conspiracy instruction adequately conveyed the thrust of the instruction requested by Miroyan (that a simple seller-buyer relationship is insufficient to establish a conspiracy). Furthermore, two of our sister circuits have held that instructions nearly identical to the one given by the district court were adequate substitutes for the instruction requested by Miroyan. See United States v. Orr, 825 F.2d 1537, 1542 (11th Cir.1987); United States v. Fox, 902 F.2d 1508, 1516-17 (10th Cir.), cert. denied, 498 U.S. 874 (1990). Therefore, we hold that the district court did not err.
 
 
 29
 Finally, Miroyan contends that the fact that the jury convicted Miroyan on both count 1 and count 3 proves that the evidence of the existence of multiple conspiracies was confusing for the jury, and that therefore the district court should have sua sponte given a specific unanimity jury instruction to alleviate the confusion. In United States v. Loya, 807 F.2d 1483 (9th Cir.1987), we found that a jury instruction nearly identical to the one given by the district court was not reversible error. Id. at 1492-93. Consequently, the instruction given by the district court was not erroneous.
 
 7. Sufficiency of the evidence
 
 30
 (a) Count 1: conspiracy
 
 
 31
 Miroyan contends that there was a prejudicial variance between the single overall conspiracy charged in the indictment, and the proof, which he contends established multiple conspiracies rather than one overall conspiracy. We analyze several factors to distinguish single from multiple conspiracies: the nature of the scheme; the identity of the participants; the quality, frequency, and duration of each conspirator's transactions; and the commonality of time and goals. United States v. Bibbero, 749 F.2d 581, 587 (9th Cir.1984), cert. denied, 471 U.S. 1103 (1985).
 
 
 32
 An analysis of these factors shows that a rational juror could certainly have found a single conspiracy. The evidence indicates that Miroyan bought cocaine from a Colombian connection in Los Angeles and then sold it to Hurley, Hurst, Martin, Huse, and Lindsay. These people, who knew each other, then sold to each other or to downstream buyers. Miroyan's period of apparent inactivity from late 1986 through early 1988 is explained by the fact that Hurley thought he could get better terms from Halteman, and, since the FBI investigation at the time was focusing on Hurley, Miroyan naturally faded from the picture. When Hurley became interested in buying from Miroyan again, in May 1988, Miroyan reentered the scene to sell cocaine to Hurley, Hurst, and Martin.
 
 
 33
 Miroyan also contends that the evidence presented at trial was insufficient to connect him to the conspiracy. However, the evidence reviewed above was sufficient to show that Miroyan knew or had reason to know of the scope of the conspiracy and that he had reason to believe that his own benefits depended on the success of the entire venture. United States v. Arbelaez, 719 F.2d 1453, 1458-59 (9th Cir.1983), cert. denied, 467 U.S. 1255 (1984). Miroyan was a key supplier of cocaine to Hurley and the other downstream distributors; Miroyan knew most, if not all, of the other conspirators; and he was clearly aware that his benefits were dependent on the success of the entire venture, as demonstrated not least by his concern with safety and secrecy in dealing with Hurst and in the wake of Halteman's arrest.
 
 
 34
 (b) Counts 2 and 3: aiding and abetting
 
 
 35
 Count 2 charged Miroyan with aiding and abetting Hurley to knowingly and intentionally possess cocaine with the intent to distribute. Although Hurley's testimony was certainly sufficient for a rational juror to have found Miroyan guilty of aiding and abetting, Miroyan argues that because Hurley later acquired approximately twelve ounces of the cocaine back from Hurst to sell in San Diego, unbeknownst to Miroyan, the evidence was not sufficient. However, Miroyan did not have to know of Hurley's later intent to distribute some of the cocaine in San Diego specifically to be convicted of aiding and abetting. See United States v. Mehrmanesh, 682 F.2d 1303, 1308 (9th Cir.1982).
 
 
 36
 Count 3 charged Miroyan with aiding and abetting the conspiracy between Hurley and the others to knowingly and intentionally possess cocaine with the intent to distribute. This charge was based on Miroyan's telephone call to Hurley to warn him that "Greg got real sick today," meaning that Halteman had been arrested on an indictment out of Arizona. Although Halteman's wife provided exculpatory testimony, a rational juror could certainly have believed the contrary evidence and found Miroyan guilty beyond a reasonable doubt.
 
 
 37
 Miroyan also claims that the guilty verdicts on counts 1 and 3 are inconsistent because he could be guilty of either but not both charged offenses. Miroyan is correct. A criminal defendant cannot be convicted of aiding and abetting the commission of a crime and committing the crime; one cannot be both a principal and an accessory to the same crime. See United States v. Gaskins, 849 F.2d 454, 459-60 (9th Cir.1988). However, this was precisely what Miroyan was convicted of: the jury found him guilty as both a conspirator in the 1984-88 cocaine conspiracy and an aider and abettor to the same conspiracy. These two verdicts are legally inconsistent.
 
 
 38
 Because we find that the evidence of Miroyan's guilt on count 1 was clear, we affirm the conviction on that count but reverse the conviction on count 3. United States v. Bethea, 483 F.2d 1024, 1030 (4th Cir.1973). Because Miroyan received no sentence on the count 3 conviction, we do not remand for resentencing. See Villarreal Corro v. United States, 516 F.2d 137, 141 n. 5 (1st Cir.1975).
 
 
 39
 (c) Counts 4 through 9: telephone violations
 
 
 40
 Counts 4 through 9 charged Miroyan with using a communication facility to facilitate the conspiracy, in violation of 21 U.S.C. § 843(b). Miroyan contends that since there is no evidence that any particular transactions were discussed, and no transactions were consummated, there is no link between these calls and any predicate narcotic offense.
 
 
 41
 However, the "predicate narcotic offense" was not any particular drug transaction, but rather the overall conspiracy. The jury could certainly have believed Hurley's testimony that the calls were intended to further the goal of the conspiracy--namely, to sell drugs. The fact that no specific transactions resulted from the calls is irrelevant, because the underlying charge was conspiracy, not actual possession or distribution. See United States v. Thomas, 586 F.2d 123, 130-31 (9th Cir.1978). The calls kept Hurley and Miroyan in contact regarding potential drug deals, and the last one warned Hurley about the arrest of Halteman. The evidence was sufficient for a rational juror to have found Miroyan guilty beyond a reasonable doubt.
 
 
 42
 (d) Venue in the Southern District of California
 
 
 43
 Miroyan contends that he never "attached himself to the conspiratorial activities occurring in the Southern District of California," and that therefore venue was improper there. However, because Hurley's distribution occurred in the Southern District, and because Miroyan aided and abetted that distribution, Miroyan could be tried there as well. "An aider or abettor may be tried in the district in which the principal committed the offense." United States v. Brantley, 733 F.2d 1429, 1434 (11th Cir.1984) (citing cases from other circuits that have held the same), cert. denied, 470 U.S. 1006 (1985).
 
 8. Sentencing issues
 
 44
 (a) Use of November 1988 Guidelines
 
 
 45
 Miroyan claims that the district court erred in calculating Miroyan's base offense level using the version of the Guidelines that became effective in November 1988, because he was not involved in the conspiracy after October 1988 and that therefore the use of these Guidelines violates the Ex Post Facto Clause of the Constitution. However, Miroyan never formally withdrew from the conspiracy, either by making a "clean breast" to the authorities or communicating his withdrawal in a manner reasonably calculated to reach his co-conspirators. United States v. Granados, 962 F.2d 767, 773 (8th Cir.1992). Therefore, he was legally still a member of the conspiracy in November 1988, and thus the district court did not err in using the version of the Guidelines that came into effect that month to sentence him. See United States v. Walton, 908 F.2d 1289, 1299 (6th Cir.), cert. denied, 498 U.S. 990 (1990); United States v. Boyd, 885 F.2d 246, 248 (5th Cir.1989); Granados, 962 F.2d at 773.
 
 
 46
 (b) Enhancements
 
 
 47
 Miroyan claims that the district court erred in increasing his base offense level by two levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice. Because the record contains ample evidence that Miroyan attempted to influence the testimony of potential witnesses, the district court's finding was not clearly erroneous. United States v. Christman, 894 F.2d 339, 342 (9th Cir.1990). Furthermore, Miroyan was not entitled to a hearing to allow him to rebut the charges of obstruction, because there was evidence of obstruction of justice other than the loan attempts.
 
 
 48
 Miroyan also claims that the district court's giving him a four-level enhancement for being a leader-organizer, pursuant to U.S.S.G. § 3B1.1(a), was clearly erroneous. However, given Miroyan's role as a primary supplier of cocaine to the conspiracy and a coordinator of the reaction to Halteman's arrest, the district court's leader-organizer enhancement was not clearly erroneous.
 
 
 49
 (c) Refusals to depart downwards
 
 
 50
 Miroyan claims that despite the absence of a government substantial assistance motion, the district court should have departed downward to recognize his substantial assistance to the authorities. The district court's finding that it did not have the authority to depart downward in the absence of such a motion was not correct. The Supreme Court recently held that while ordinarily such a motion is required, the district court has the authority to review a prosecutor's refusal to file such a motion and to grant a remedy if it finds that the motion was based on an unconstitutional motive. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992). Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion because of the defendant's race or religion. Id. at 1844. However, Miroyan has made no such claim. He has barely even made a claim that his "cooperation" justifies a downward departure. This is insufficient under Wade, and therefore he is not entitled to a downward departure. See Wade, 112 S.Ct. at 1844.
 
 
 51
 Miroyan also claims that the district court should have departed downward because his criminal history category of IV significantly overrepresents the seriousness of his criminal history. However, we have held that "a district court's discretionary decision not to depart downward from the guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). Therefore, we will not review this claim.
 
 
 52
 Miroyan finally claims that the district court's refusal to grant him a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, was clearly erroneous. However, given the evidence of Miroyan's attempts to influence witnesses, and the fact that Miroyan barely even admitted guilt and expressed remorse, the district court's refusal to give the acceptance of responsibility reduction was not clearly erroneous.
 
 9. Miroyan's civil complaint (No. 91-55486)
 
 53
 We affirm the district court's November 9, 1990 dismissal of Miroyan's complaint.
 
 CONCLUSION
 
 54
 We REVERSE the conviction on count 3. We AFFIRM the convictions on all other counts and AFFIRM the sentence.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 We note expressly that our holding on this issue is without prejudice to any future appeal by Miroyan from the district court's decision on his pending motion for a new trial, which motion is based on newly discovered evidence of alleged governmental misuse of the interview statements