46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Santos PEREZ-ESTRADA, Defendant-Appellant.
 No. 93-50378.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Filed July 21, 1994.
Withdrawn Nov. 4, 1994.
Decided Nov. 4, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 ORDER
 
 1
 The memorandum filed July 21, 1994 is ordered withdrawn. The attached memorandum is ordered filed.
 
 
 2
 The panel has voted to deny appellant's petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 3
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.
 
 
 4
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 5
 MEMORANDUM**
 
 
 6
 Carlos Santos Perez-Estrada appeals his conviction, following a bench trial, and his 52-month sentence for being found in the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. Sec. 1326(b)(2). Perez-Estrada challenges his conviction on the grounds that (1) his prior state convictions for selling, administering, importing, or transporting marijuana in violation of Cal. Health & Safety Code Sec. 11360(a) do not constitute "aggravated felonies," and (2) the evidence was insufficient to prove that he was found in the United States at the time alleged in the indictment. He also contends the district court should have limited his sentence to two years because the Immigration and Naturalization Service (INS) incorrectly informed him when he was deported that two years is the maximum prison term for illegal reentry. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 A. Background
 
 7
 A grand jury returned a one-count indictment charging Perez-Estrada with illegal reentry in violation of 8 U.S.C. Sec. 1326(b)(2). The indictment alleged that Perez-Estrada was found in the United States on or about October 19, 1992, after having been deported in 1988 and 1991. It further alleged that prior to deportation Perez-Estrada had been convicted of aggravated felonies, namely, selling or furnishing marijuana in violation of Cal.Health & Safety Code Sec. 11360(a), in 1981, 1986, and 1990. Perez-Estrada was convicted after a bench trial based in part on stipulated facts.
 
 B. Aggravated Felony Determination
 
 8
 Perez-Estrada contends that his three convictions for violations of Cal.Health & Safety Code Sec. 11360(a) do not constitute "drug trafficking crimes," and thus are not aggravated felonies, because a conviction under section 11360(a) could be for mere transport of marijuana for personal use. We review de novo whether an offense constitutes an aggravated felony. See United States v. Chaidez, 916 F.2d 563, 564 (9th Cir.1990) (whether conspiracy is drug trafficking crime under 18 U.S.C. Sec. 924(c)).
 
 
 9
 For purposes of the offense of illegal reentry, an aggravated felony includes any drug trafficking crime as defined in 18 U.S.C. Sec. 924(c)(2), which in turn includes "any felony punishable under the Controlled Substances Act" (the Act), "whether in violation of Federal or State law." 8 U.S.C. Sec. 1101(a)(43).
 
 
 10
 Perez-Estrada was convicted three times of violating Cal.Health & Safety Code Sec. 11360(a), which makes it a felony "to sell, furnish, administer, give away, import, attempt to import, [or] transport" marijuana or hashish. California's statutory scheme suggests that a violation of section 11360(a) constitutes drug trafficking. The punishment range for a violation of section 11360(a) is two, three, or four years. In contrast, under Cal.Health & Safety Code Secs. 11360(b), giving away or transporting less than 28.5 grams of marijuana is a misdemeanor punishable by a fine of not more than $100. Possession of small amounts of marijuana for personal use is also a misdemeanor. See Cal.Health & Safety Code Sec. 11357 (West 1994). Because section 11630(a) criminalizes distribution of marijuana on a scale that constitutes drug trafficking, the district court did not err when it determined that Perez-Estrada's convictions under that statute constitute drug trafficking crimes. See Chaidez, 916 F.2d at 565-66 (conspiracy to possess with intent to distribute a drug trafficking crime under 18 U.S.C. Sec. 924(c)). Accordingly, the district court did not err by determining that Perez-Estrada had been convicted of an aggravated felony.[1]
 
 C. Sufficiency of Evidence
 
 11
 Perez-Estrada contends the evidence that he was "found in" the United States after deportation, an element of 8 U.S.C. Sec. 1326, is insufficient to support his conviction. Although Perez-Estrada moved for acquittal on other grounds, he never raised this issue before the district court. Furthermore, Perez-Estrada failed to object to the government's assertion in its trial memorandum that he had stipulated to all elements of the offense except for deportation after an aggravated felony. Accordingly, he failed to preserve this issue for appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187 (9th Cir.) (failure to raise sufficiency of evidence claim at trial level ordinarily precludes defendant from raising it on appeal), cert. denied, 113 S.Ct. 258 (1992).[2]
 
 D. Sentence Exceeding Two Years
 
 12
 Perez-Estrada's challenge to his sentence is foreclosed by our decision in United States v. Ullyses-Salazar, No. 93-50144, slip op. 6543 (9th Cir. June 20, 1994).
 
 
 13
 The judgment of conviction and sentence is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we conclude based on the language of section 11360(a) that Perez-Estrada's convictions under that statute constituted aggravated felonies, we need not decide what other types of evidence are admissible for the purpose of proving the aggravated felony element of section 1326(b)(2)
 
 
 [2]
 Were we to review the sufficiency claim on the merits, Perez-Estrada would not prevail. First, he stipulated that he was deported in 1988, subsequently reentered the United States illegally, and was again deported in 1991. This sequence of events establishes that he was found in the United States after having been deported. The INS produced evidence that fingerprint cards dated October 19, 1992, the date the indictment alleged Perez-Estrada was found in the United States, matched the fingerprints on his two previous deportation warrants. This evidence, together with Perez-Estrada's presence at his trial, was sufficient to support a reasonable inference that he had been found in the United States again after his 1991 deportation. See Reyes-Alvarado, 963 F.2d at 1188 ("circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction")