MEMORANDUM *
Derrick McCreary appeals his conviction and sentence for his role in two armed robberies in Arizona. A jury convicted McCreary of one count of conspiracy, two counts of bank robbery, and two counts of using a firearm in the commission of a
*41 crime of violence. On appeal, McCreary makes the following arguments:
1. Improper admission of text messages.
2. Prosecutorial misconduct before the grand jury.
3. Improper vouching for credibility of witnesses at trial.
4. Improper denial of immunity for a defense witness.
5. Improper jury instructions.
6. Unconstitutionality of his sentence.
We have jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM.
1. Text Message Evidence
The investigation of the two robberies revealed that McCreary and his co-defendant, Jonathan Hunter, communicated by text messages in planning the two robberies. The Government had a grand jury subpoena issued to the service provider, MCI/SkyTel, seeking the toll records including the text of the messages. McCreary contends that he had a reasonable expectation of privacy in these messages and that the acquisition of these messages by a grand jury subpoena without a search warrant violated his rights under the Fourth Amendment. He contends that to the extent 18 U.S.C. § 2703 of the Stored Communications Act authorized obtaining the text messages without probable cause and a search warrant it violated his Fourth Amendment rights.
We do not reach this contention because we conclude that any error in admission of the text messages was harmless. The Government presented overwhelming separate, independent evidence of McCreary’s guilt. The Government presented the testimony of two of the co-conspirators who participated in the robberies detailing McCreary’s leadership in planning the robberies, providing clothes and guns, and giving instructions as to how the robberies were to be conducted and the getaway to be achieved. McCreary’s participation was also corroborated by other substantial evidence.
2. Prosecutorial Misconduct Before the Grand Jury
McCreary contends that he stood trial on an indictment that the Government knew was based partially on material perjurious testimony and that it had improperly vouched for a witness before the grand jury. McCreary did not object at trial to this alleged error and thus we review for plain error. United States v. Olano, 507 U.S. 725, 730-36, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Under the plain error standard, relief is not warranted unless there has been: (1) error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity or public reputation of the judicial proceedings. United States v. Recio, 371 F.3d 1093, 1100 (9th Cir.2004).
In this case, the inconsistencies between the testimonies were insignificant and McCreary failed to show that the witness committed “knowing perjury relating to a material matter.” United States v. Flake, 746 F.2d 535, 538 (9th Cir.1984) (citations omitted), overruled on other grounds by United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). The failure to dismiss the indictment was not error and thus not plain error.
3. Vouching for Witnesses at Trial
Vouching occurs when the prosecutor places the “prestige of the government behind a witness through personal assurances of the witness’s veracity, or by suggesting that information not presented to the jury supports the witness’s testimony.” United States v. Necoechea, 986 F.2d 1273, 1276 (9th Cir.1993).
*42 McCreary first argues that the prosecution improperly vouched for the coconspir-ators when it asked, without objection, the requirements of their plea agreements. However, it is “clear that references to requirements of truthfulness in plea bargains do not constitute vouching when the references are responses to attacks on the witness’ credibility because of his plea bargain.” United States v. Shaw, 829 F.2d 714, 716 (9th Cir.1987). We have also found no plain error in eliciting, on direct examination, a witness’s obligation through a plea agreement to tell the truth. United States v. Ortiz, 362 F.3d 1274, 1278 (9th Cir.2004).
McCreary also argues that the district court erred in overruling the objection to a question as constituting vouching. Here, the witness’s plea agreement had been admitted without objection. It contained a provision that he would testify truthfully. The question was “did you come here today and testify truthfully,” to which he responded affirmatively. This is very similar to the situation in Necoechea where the witness was asked whether she would testify truthfully if part of her plea agreement provided she must testify truthfully. She responded yes, and this was held not to be vouching. Necoechea, 986 F.2d at 1278-79. As in Necoechea, this was in response to the prosecution’s attack on the witness’s credibility. The district judge did not err in overruling the objection.
For the first time on appeal, McCreary also contends the court erroneously admitted the plea agreements in their entirety. However, the court can properly receive the full text of plea agreements and the government can properly point to those agreements as a factor bearing on its witness’s credibility. See United States v. Rohrer, 708 F.2d 429, 433 (9th Cir.1983). Therefore, the district court did not err in receiving the full plea agreements.
4. Request for Witness Immunity
McCreary asked the Government to grant immunity to a witness so that he could testify on McCreary’s behalf. However, a criminal defendant is not entitled to compel the government to grant immunity to a defense witness. United States v. Westerdahl, 945 F.2d 1083, 1086 (9th Cir. 1991). An exception to this rule exists where the defendant can prove (1) the testimony is relevant and (2) by denying immunity, the government distorted the judicial fact-finding process. United States v. Alvarez, 358 F.3d 1194, 1216 (9th Cir.2004).
In this case, McCreary fails to show how the testimony would have been relevant because the witness was not present during the planning or carrying out of the robberies. McCreary’s witness could not provide relevant testimony contradictory to the government witnesses regarding the conspiracy and robberies and the denial of immunity did not distort the judicial fact finding process.
5. “Mere Presence” Jury Instruction
McCreary sought an instruction that provided that mere presence at the scene of a crime or knowledge that a crime is being committed is not sufficient for conviction of the crime. The district court may refuse a “mere presence” instruction “when the government’s case rests on ‘more than just a defendant’s presence, and the jury is properly instructed on all elements of the crime.’ ” United States v. Howell, 231 F.3d 615, 629 (9th Cir.2000) (quoting United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992)). If the district court refuses a defendant’s proposed instructions, the jury instructions given at the close of trial must adequately *43 cover the defendant’s defense theory. United States v. Taren-Palma, 997 F.2d 525, 585 (9th Cir.1993) (per curiam), overruled on other grounds by United States v. Shabani 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Because the jury instructions given at the close of trial adequately covered McCreary’s defense theory, we need only determine whether the Government’s case against McCreary rested on more than his mere presence or knowledge that a crime was being committed.
Here, the Government had two of McCreary’s co-conspirators testify about his involvement in the robberies. Their testimonies were more than sufficient to establish that the Government’s case relied on more than McCreary’s mere presence or knowledge. The district court therefore correctly refused to give the requested instruction.
6. The Mandatory Minimum and Consecutive Sentencing Provisions of 18 U.S.C. § m(c)(l)(A)
McCreary argues that the mandatory minimum and consecutive sentencing scheme of 18 U.S.C. § 924(c) violates the separation of powers between the executive and judicial branches, the non-delegation doctrine, due process, and the Eighth Amendment’s prohibition of cruel and unusual punishment.
McCreary’s arguments have all been foreclosed and are therefore without merit. See United States v. Chaidez, 916 F.2d 563, 565 (9th Cir.1990) (“[T]he mandatory minimum penalty provision of 18 U.S.C. § 924(c)(1) does not violate the doctrine of separation of powers.”); United States v. Jensen, 425 F.3d 698, 707 (9th Cir.2005) (enhancement provisions of 21 U.S.C. § 851 provide the necessary “intelligible principles” to guide the executive branch’s discretion), cf. United States v. Cespedes, 151 F.3d 1329, 1333 (11th Cir.1998) (concluding 21 U.S.C. § 851 analogous to 18 U.S.C. § 924(c) when determining that § 851 does not delegate legislative power); United States v. Kidder, 869 F.2d 1328, 1334 (9th Cir.1989) (rejecting due process argument that a statutory mandatory minimum sentence is “unconstitutional because it unduly restricts the sentencing judge’s ability to impose an individualized sentence.”); United States v. Parker, 241 F.3d 1114, 1117 (9th Cir.2001) (“[T]he mandatory consecutive sentences imposed by § 924(c) do not violate the Eighth Amendment.”).
CONCLUSION
For the reasons expressed above, McCreary’s conviction and sentence are AFFIRMED.

 This disposition, is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.