
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10414 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02230-DCB-JJM-2 |
| v. | |
| MICHAEL EDWARD ALCANTAR, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 11, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BEISTLINE, Chief
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ralph R. Beistline, Chief United States District Judge
for the District of Alaska, sitting by designation.

Defendant-Appellant Michael Alcantar appeals his conviction after jury trial of multiple charges stemming from his participation in an attempt to purchase cocaine that culminated in the firebombing of a residence. The following are the relevant convictions: (1) Conspiracy to possess a destructive device, in violation of 18 U.S.C. § 371 and 26 U.S.C. § 5861(d); (2) Possession of a destructive device, in violation of 26 U.S.C. § 5861(d); (3) Conspiracy to possess with the intent to distribute between 500 grams and 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii)(II), and 846; (4) Using or carrying a destructive device during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and (5) Conspiracy to use or carry a destructive device during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o).

The evidence at trial showed that Alcantar was the "supervisor" of a group of felons who were members of the New Mexican Mafia. They embarked on a plan to buy and sell drugs in order to benefit members of the group still in prison. Their planned purchase of drugs at a park in Tucson was unsuccessful because of the seller's inability to provide the drugs, and the planned retaliation for his refusal to provide compensation was a firebombing that hit the wrong target.

Appellant first challenges the sufficiency of the evidence. There was sufficient evidence of conspiracy to possess with intent to distribute cocaine.

2

Witnesses testified to Alcantar's approval of the drug purchase plan. The evidence thus established the defendant's agreement and intent to participate in a drug transaction. The agreement and the intent and the illegal objective were clear and the government satisfied its burden. *See United States v. Yossunthorn*, 167 F.3d 1267, 1270 (9th Cir. 1999). The evidence was also sufficient to show that the destructive device was used "during and in relation to" the underlying drug trafficking conspiracy.

The government failed to disclose some telephone records in apparent violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The records would at best, however, have provided limited impeachment evidence concerning the lack of phone calls between appellant and one of the coconspirators during the period before the implementation of the plan. The evidence should have been disclosed because it could have been used for impeachment, but there is no reasonable probability that it would have affected the jury's decision in the case and hence the defendant suffered no prejudice. *See United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2010) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). Accordingly, there was no violation of the defendant's constitutional rights. *See United States v. Williams*, 547 F.3d 1187, 1202 (9th Cir. 2008) (setting forth the requisite elements of a constitutional violation).

The district court properly denied the motion to dismiss that asserted a lack of jurisdiction under the Commerce Clause. *See Gonzalez v. Raich*, 545 U.S. 1 (2005). Alcantar's other sentencing arguments are also foreclosed. *See United States v. Major*, 676 F.3d 803, 812 (9th Cir. 2012), *United States v. Chaidez*, 916 F.2d 563, 565 (9th Cir. 1990), *United States v. Wilkins*, 911 F.2d 337, 339–40 (9th Cir. 1990).

**AFFIRMED**.